Filed 1/27/22  P. v. McDonald CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. SHERWIN SYLVAN McDONALD, Defendant and Appellant. | H048826 (Santa Clara County Super. Ct. No. 156817) |

Defendant Sherwin Sylvan McDonald challenges the trial court's denial of his petition under Penal Code section 1170.95[1] for resentencing.  The trial court denied McDonald's petition without appointing counsel after concluding that he was ineligible as a matter of law because section 1170.95 did not apply to his convictions for attempted murder.  McDonald argues on appeal that the trial court erred because Senate Bill No. 775, which was enacted after the trial court denied his petition, clarified that section 1170.95 applies to attempted murder convictions.  In a supplemental brief, McDonald also claims that he was entitled to counsel once he filed a facially sufficient petition under *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*) and the amended version of section 1170.95.  The Attorney General concedes that McDonald may be eligible for relief and that reversal is required.  We agree with the parties that Senate Bill No. 775 applies to McDonald's case and he has filed a facially sufficient petition that is not

---

[1] Unspecified statutory references are to the Penal Code.

contradicted by his record of conviction. We reverse the trial court's order denying the section 1170.95 petition and remand the matter for further proceedings.

## I. BACKGROUND

### A. *The Complaint and Plea*

In 1992, McDonald and a codefendant were charged by a felony complaint with two counts of attempted first degree murder (§§ 664, 187, 189; counts 1 & 2). As to both counts, the complaint alleged that McDonald "unlawfully, and with malice aforethought, attempt[ed] to kill [the victims]" and that he "willfully, deliberately, and with premeditation attempted the murder of [the victims]." Furthermore, as to both counts, the complaint alleged that McDonald personally inflicted great bodily injury on the victims (§ 12022.7).[2]

That same year, McDonald entered a plea as to both counts. The record contains no indication of the factual basis for his plea. The abstract of judgment reflects that McDonald was convicted of two counts of "PC 664/187 Attempted Murder—1st deg." with enhancements that he personally inflicted great bodily injury (§ 12022.7) for both counts. McDonald was sentenced to seven years to life with the possibility of parole.

### B. *The Section 1170.95 Petition for Resentencing*

In December 2020, McDonald filed a petition for resentencing under section 1170.95 and requested counsel to represent him during the resentencing process. McDonald filed his petition using a standardized form, and he handwrote the word "attempted" before "murder" in several places. McDonald checked multiple boxes on the

---

[2] The felony complaint also alleged the following enhancements as to both counts: (1) McDonald and his codefendant acted with another person and committed the offenses because of the victim's race, color, religion, nationality, country of origin, ancestry, or sexual orientation (§ 422.75, subd. (b)); (2) McDonald personally used a firearm (§§ 12022.5, subd. (a), 1203.06); and (3) his codefendant was armed with a firearm (§ 12022, subd. (a)(1)).

2

standardized form, indicating: (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine," (2) he "pled guilty or no contest to 1st or 2nd degree murder in lieu of going to trial because [he] believed [he] could have been convicted of 1st or 2nd degree [attempted] murder at trial pursuant to the felony murder rule or the natural and probable consequences doctrine," and (3) he "could not now be convicted of 1st or 2nd degree [attempted] murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019."[3]

Ten days later, without appointing counsel, the trial court denied McDonald's petition after concluding that he was ineligible for relief as a matter of law because section 1170.95 did not apply to convictions for attempted murder. McDonald filed a timely notice of appeal.

## II. DISCUSSION

### A. *Application of Senate Bill No. 775*

McDonald argues on appeal that Senate Bill No. 775, which amended section 1170.95 to include persons convicted of attempted murder and clarified that a trial court must appoint counsel upon the filing of a facially sufficient petition, applies to his case. The Attorney General concedes that Senate Bill No. 775 applies, and we agree.

In 2018, Senate Bill No. 1437 was enacted to amend the felony murder rule and the natural and probable consequences doctrine "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) In part, Senate Bill No. 1437 amended section 188 to require that a principal "shall act with malice aforethought.

---

[3] McDonald also checked boxes that were irrelevant to his case, including that he was convicted after a jury trial.

Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Senate Bill No. 1437 also added section 1170.95, which created a procedure by which a petitioner who was "convicted of felony murder or murder under a natural and probable consequences theory" may "file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts." (Former § 1170.95, subd. (a).) Attempted murder was not expressly included as a crime that was eligible for resentencing under former section 1170.95.

After the trial court denied McDonald's petition for resentencing and while his appeal was pending before this court, the California Supreme Court issued its opinion in *Lewis*, *supra*, 11 Cal.5th 952, clarifying that a petitioner is entitled to the appointment of counsel "upon the filing of a facially sufficient petition" and that it is only after counsel is appointed that a trial court may look to the record of conviction to determine whether a petitioner has made a prima facie showing that he or she is entitled to relief. (*Id.* at p. 957.)

After *Lewis* was decided, the Governor signed Senate Bill No. 775 into law on October 5, 2021, which became effective January 1, 2022. Senate Bill No. 775 amended section 1170.95, subdivision (a) to include persons convicted of "attempted murder under the natural and probable consequences doctrine" as eligible for resentencing. (Stats. 2021, ch. 551, § 2, subd. (a).) Senate Bill No. 775 also codified the holding in *Lewis* regarding a petitioner's right to counsel and clarified the standard to determine the existence of a prima facie case. (Stats. 2021, ch. 551, § 1, subd. (b).)

Section 1170.95, subdivision (a) now provides in pertinent part that a petitioner convicted of attempted murder may file a petition for resentencing when the following conditions apply: (1) a complaint, information, or indictment was filed that allowed the prosecution to proceed under a theory of attempted murder under the natural and

4

probable consequences doctrine, (2) the petitioner was convicted of attempted murder after he or she accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder, and (3) the petitioner could not presently be convicted of attempted murder because of changes to sections 188 or 189 made by Senate Bill No. 1437.

As amended, section 1170.95, subdivision (b)(3) states that "[u]pon receiving a petition in which the information required by this subdivision is set forth or a petition where any missing information can readily be ascertained by the court, if the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner."

Here, McDonald's case is not yet final, and the amendments made to section 1170.95 by Senate Bill No. 775 became effective starting on January 1, 2022. Thus, we agree with McDonald that Senate Bill No. 775 and the amended version of section 1170.95 apply to his case. (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1006 (*Montes*).) Applying the amended version of section 1170.95 to McDonald's case, we conclude that because convictions for attempted murder are now eligible under section 1170.95 and McDonald checked all the necessary boxes on his standardized form petition, he is entitled to counsel. (*Lewis*, *supra*, 11 Cal.5th at p. 957; § 1170.95, subd. (b)(3).)

### B. *McDonald Has Filed a Facially Sufficient Petition*

McDonald argues that we must reverse the trial court's order denying his section 1170.95 petition because he has filed a facially sufficient petition. He claims that it is reasonably probable that had he been afforded the assistance of counsel, his petition would not have been summarily denied. The Attorney General concedes that

reversal is required because McDonald may be eligible for relief.[4]  As we explain, we agree that we must reverse and remand the matter for further proceedings.

In *Lewis*, the California Supreme Court held that a trial court's failure to appoint counsel before assessing whether a petition has stated a prima facie case for relief under section 1170.95 is state law error and is subject to a harmless error analysis under the standard set forth in *People v. Watson* (1956) 46 Cal.2d 818.  (*Lewis*, *supra*, 11 Cal.5th at pp. 957-958, 973-974.)  To demonstrate error, "a petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Id.* at p. 974.)

When determining whether a petitioner has made a prima facie showing under section 1170.95, a trial court can rely on the record of conviction, which permits the trial court to distinguish petitions that may have merit from those that are "clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.)  The trial court must take a petitioner's factual allegations as true and " 'should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' " (*Ibid.*) " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility

---

[4] The Attorney General argued in his respondent's brief that the failure to appoint counsel before summarily denying the petition was harmless because the record reflected that McDonald was convicted of "willful, deliberate, premediated attempted murders with personal infliction of great bodily injury," and his convictions demonstrated that he had "actual malice, was the person who actually inflicted injury, and acted with the intent to kill when he personally and intentionally inflicted great bodily injury."  However, in his recently filed supplemental brief, the Attorney General conceded that reversal is required because "[a]ppellant may be eligible for section 1170.95 relief with respect to his attempted murder convictions" and there is "no indication in the record as to whether the prosecution would have relied on the natural and probable consequences doctrine for attempted murder."

determination adverse to the petitioner." ' " (*Ibid.*) As this court explained in *People v. Drayton* (2020) 47 Cal.App.5th 965, 980, abrogated on a different point in *Lewis*, *supra*, 11 Cal.5th at page 963, the trial court's authority to make determinations without an evidentiary hearing "is limited to readily ascertainable facts from the record (such as the crime of conviction) . . . ."

The record of conviction in this case is sparse. We have before us the complaint charging McDonald with two counts of attempted murder, where it was generally alleged that he "unlawfully, and with malice aforethought, attempt[ed] to kill [the victims]" and that he "willfully, deliberately, and with premeditation attempted the murder of [the victims]." We also have before us the abstract of judgment, which reflects that McDonald entered a plea and was convicted of two counts of "PC 664/187 Attempted Murder—1st deg." with enhancements that he personally inflicted great bodily injury (§ 12022.7) as to both counts. The record, however, does not contain the factual basis for McDonald's plea and there is no indication as to whether he admitted the factual allegations in the complaint. There is also no transcript of the change of plea hearing or the sentencing hearing.

Here, the attempted murder counts were generically charged and did not limit the prosecution from prosecuting McDonald on any particular theory, which could have included the natural and probable consequences theory of attempted murder. (See *People v. Rivera* (2021) 62 Cal.App.5th 217, 232-233 [generically charged murder did not preclude prosecution based on any particular theory of murder], review granted June 9, 2021, S268405; *People v. Eynon* (2021) 68 Cal.App.5th 967, 977-978 [accord].)

Attempted murder requires a specific intent to kill (*People v. Gonzalez* (2012) 54 Cal.4th 643, 653), but under a natural and probable consequences theory of attempted murder, a specific intent to kill can be imputed from an accomplice (*Montes*, *supra*, 71 Cal.App.5th at p. 1007; see *People v. Prettyman* (1996) 14 Cal.4th 248, 259).

7

Likewise, section 12022.7 does not require that a defendant *intend* to inflict great bodily injury, nor does it require an intent to kill or actual malice. (See *People v. Elder* (2014) 227 Cal.App.4th 411, 424.) It is unclear what facts McDonald admitted when he entered his plea, and we cannot discern from the record whether his plea constituted an admission that he acted with actual malice or an intent to kill. Thus, McDonald's convictions do not plainly refute the allegations in his petition that he is eligible for resentencing under section 1170.95.

Based on the foregoing, we conclude that it is reasonably probable that had McDonald been appointed counsel, his petition would not have been summarily denied because he filed a facially sufficient petition that is not contradicted by his record of conviction. (*Lewis*, *supra*, 11 Cal.5th at p. 974.) In this case, the parties have not had the opportunity to brief the issue before the trial court, nor has the trial court held a hearing to determine whether McDonald has stated a prima facie case for relief as required under section 1170.95, subdivision (c).[5] Accordingly, we reverse the trial court's order denying McDonald's section 1170.95 petition and remand the matter for further proceedings in accordance with section 1170.95. We express no opinion on how the trial court should ultimately resolve the merits of McDonald's petition.

---

[5] Section 1170.95, subdivision (c) describes the procedures that must be followed after a petition has been filed. After a petition that meets the requirements described under section 1170.95, subdivision (b) has been filed, a prosecutor must file and serve a response within 60 days, the petitioner may serve and file a reply within 30 days after the prosecutor's response, and, after the parties have had the opportunity to submit briefing, the trial court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. (§ 1170.95, subd. (c).) If a petitioner has stated a prima facie case for relief, the trial court shall issue an order to show cause. (*Ibid*.)

**III. DISPOSITION**

The order denying McDonald's Penal Code section 1170.95 petition is reversed. On remand, the trial court is directed to appoint McDonald counsel and to conduct further proceedings in accordance with Penal Code section 1170.95.

_____
                               Wilson, J.

WE CONCUR:

_____
                 Greenwood, P.J.

_____
                 Lie, J.

People v. McDonald
H048826